UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-02636-REB-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JARROD W. MCMILLIN, individually,
    and d/b/a American Investors Network,
INNOVATIVE PROJECTS, INC. d/b/a American Investors Network,
LAURENCE YOUNG, individually,
    and d/b/a Fairweather Management and Access Funding,
ANNE B. LIEBERMANN, and
JASON A. KOLAKOWSKI,

        Defendants.

---

**TEMPORARY RESTRAINING ORDER,
ASSET FREEZE AND OTHER EQUITABLE RELIEF,
AND ORDER SETTING PRELIMINARY INJUNCTION HEARING**

---

**Blackburn, J.**

      On December 19, 2007, plaintiff U.S. Securities and Exchange Commission ("SEC") filed Plaintiff's Ex Parte Motion for Temporary Restraining Order, Asset Freeze And Other Relief [#2], requesting the entry of an *ex parte* temporary restraining order: (1) enjoining defendants Jarrod W. McMillin (McMillin), Innovative Projects, Inc. d/b/a American Investors Network ("Innovative"), Laurence G. Young , Anne B. Liebermann, and Jason A. Kolakowski from violations of the anti-fraud, securities registration, and broker-dealer registration provisions of the

federal securities laws; (2) freezing funds and other assets of McMillin (individually, and doing business as American Investors Network), Innovative and Laurence G. Young (individually, and doing business as Fairweather Management and Access Funding), wherever located; (3) prohibiting Defendants from accepting or depositing any additional funds from actual or potential investors; (4) requiring each of the defendants to provide an accounting of investor funds and other assets; and (5) providing for expedited discovery.

This Court held a hearing on the motion on December 20, 2007 at 8:30 a.m., where it considered the arguments and evidence presented by counsel for plaintiff and counsel for defendant Liebermann and where it received oral certification by plaintiff's counsel under Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure certifying and specifying plaintiff's efforts to give notice and the reasons why notice should not be required.

On December 20, 2007, plaintiff SEC filed a motion for preliminary injunction [#6], incorporating its previous memorandum of law and accompanying exhibits as part of that motion.

The Court has considered and accepted as sufficient plaintiff's certification under Rule 65(b)(1)(B); the Complaint in this action; the ex parte motion for a temporary restraining order and the accompanying memorandum of law; the evidence submitted with the memorandum of law, including the declarations of investors, Umesh Biradar and Michael Marvaldi, SEC investigative attorney, John C. Martin, and SEC staff accountant, Donna B. Walker, CPA.

This Court finds and concludes that it has jurisdiction over the defendants and the subject matter of this action and, based upon the record and evidence currently before the Court, makes the following findings of fact, which are supported by a preponderance of the evidence:

1. There is a likelihood of immediate and irreparable injury to existing and prospective investors unless this order is issued *ex parte*. Plaintiff SEC has met its burden under Rule 65(b)(1)(A) of proving specific facts that clearly show that immediate and irreparable injury, loss, or damage, will result to the movant, and the investing public, which it protects, should this Order not issue before adverse parties can be heard in opposition. Further, plaintiff SEC has met its burden under Rule 65(b)(1)(B) and has satisfied this Court that this Order should issue without prior notice to defendants. The evidence has established that (a) defendants have received and may be receiving funds from investors who are victims in an illegal Ponzi scheme and (b) defendants have engaged in schemes to defraud investors, made false and misleading statements to investors and omitted material facts in connection with the offer and sale of securities, and do not currently have the ability to repay investors in either program. The evidence shows that defendants McMillin, Young, Liebermann, Kolakowski, and Innovative continued to engage in the alleged illegal conduct even after learning of the SEC's investigation. The modus operandi in establishing Fair Weather Management, in which all of the defendants participated, demonstrates that defendants' alleged illegal conduct is undeterred by legal sanctions and, therefore, it is likely that defendants and Fair Weather Management or its successor have continued to solicit money from other unwitting investors in order to enrich themselves. Further, defendants' modus operandi demonstrates that an ex parte temporary restraining order is the least drastic means available to protect present and prospective investors from losing significant sums of money and to preserve any remaining investors' funds.

2. There is a substantial likelihood that the plaintiff will prevail on the merits in this case. The evidence before the Court shows that each defendant, directly or indirectly, has

engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]; and that defendants McMillin, Young, Liebermann, and Kolakowski have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)]. The SEC has shown that defendants used two fraudulent devices since February, 2007, to misappropriate investors' funds in violation of federal securities laws. First, in February, 2007, defendants offered and sold advertising program interests, which are investment contracts, through an entity formed by McMillin that used the trade name American Investors Network ("AIN"). The advertising program, however, was a fiction. When defendants learned in August and September, 2007, that the SEC was investigating AIN, Young registered Fairweather Management and Access Funding as fictitious trade names. Defendants Young, McMillin, Liebermann, Kolakowski, and Innovative then transferred AIN investors to the new entities and solicited new investments in an advertising program that was the same as AIN in every way except its name. Investor Biradar, whose cogent declaration is before the Court, invested an additional $50,000 in "Fairweather Management," the new entity on September 24, 2007. From September through early November, 2007, one new entity received more than $642,000. At the same time, McMillin and Young increased their personal withdrawals of investor funds, with Young sending $325,000 in investor funds to McMillin in October, 2007, and making cash withdrawals of $190,000 for himself during one approximately six-week period. As recently as

November 7, 2007, the Fairweather Management website posted an "update" informing investors that profit checks would be forthcoming. According to investors interviewed by the SEC, they are still waiting for those checks. Bank statements in evidence indicate that investors' funds have been misappropriated.

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets, which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained the defendants will continue illegally to accept funds from unsuspecting investors.

4. There is good cause to believe that an immediate accounting is necessary to preserve the assets of defendants McMillin (individually, and doing business as American Investors Network), Innovative, Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and Kolakowski.

5. There is good cause to believe that expedited discovery is warranted.

6. Based on these and other facts alleged by the SEC, there is good cause to believe that defendants McMillin (individually, and doing business as American Investors Network), Innovative, and Young (individually, and doing business as Fairweather Management and Access Funding) will dispose of, dissipate, conceal, or remove investor funds and assets from the jurisdiction of the court. Such expenditure and dissipation of investor funds and assets would constitute irreparable harm to investors. To eschew and ameliorate this irreparable harm, it is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the

activities of the corporate defendants can be made, thus, preventing the illegal expenditure and dissipation of investor funds.

I.

THEREFORE, IT IS ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order, Asset Freeze And Other Relief [#2] filed December 19, 2007, is granted and that pending the determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits, defendants McMillin (individually, and doing business as American Investors Network), Innovative Projects, Inc., Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and Kolakowski, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or; (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)].

**II.**

IT IS ORDERED FURTHER that, pending the determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits, defendants McMillin (individually, and doing business as American Investors Network), Innovative, Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and Kolakowski, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

**III.**

IT IS ORDERED FURTHER that, pending the determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits, defendants McMillin (individually, and doing business as American Investors Network), Innovative, Laurence G. Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and. Kolakowski, and their officers, directors, subsidiaries, affiliates, agents, servants, employees,

attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer and sell securities through the use or medium of prospectus or otherwise when no registration statement has been filed or is in effect as to such securities and when no exemption from registration is available in violation of Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e].

## IV.

IT IS ORDERED FURTHER that, pending the determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits, defendants McMillin, Young, Liebermann, and Kolakowski, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law.

## V.

IT IS ORDERED FURTHER that, pending the determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits:

A. The assets of the defendants McMillin (individually, and doing business as American Investors Network), Innovative, and Young (individually and doing business as Fairweather Management and Access Funding) are frozen. Defendants McMillin (individually, and doing business as American Investors Network), Innovative, Young (individually and doing business as Fairweather Management and Access Funding), and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

B. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the control of McMillin (individually, and doing business as American Investors Network), Innovative, Young (individually, and doing business as Fairweather Management and Access Funding) or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

C. Each of the defendants is prohibited from accepting funds from investors, defendants McMillin, Innovative, Young, Liebermann, and Kolakowski, and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from actual or potential investors.

**VI.**

IT IS ORDERED FURTHER that defendants McMillin (individually and doing business as American Investors Network), Innovative, Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and Kolakowski, and each of their successor corporations, subsidiaries, and affiliates, shall within **seven** business days of the service of this order, file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of

A. All investors in the AIN and Fairweather advertising programs, listing the name, address, and all other contact information for each investor, the amount of funds invested by each investors and date it was received, the amount of any referral fees paid to any AIN and Fairweather salespersons and date of payment, the amount of funds paid to each investor and date of payment, the amount of other funds returned to each investor and the date of payment;

B. All investments, securities, funds, real estate, and other assets held in their names or the names of any subsidiary or affiliate, or under their direct or indirect control or in which they

have or have had since January 1, 2007, a direct or indirect beneficial interest, stating a description and location of such assets;

D. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Jarrod W. McMillin (individually, and doing business as American Investors Network), Innovative Projects, Inc., American Investors Network, Access Funding, Fairweather Management, Laurence G. Young (individually, and doing business as Fairweather Management and Access Funding), Anne B. Liebermann, and Jason A. Kolakowski or in which they have direct or indirect control or beneficial interest or have had any direct or indirect beneficial interest since January 1, 2007; and

E. Every transaction in which the ownership, direction and control of any funds or other assets of any kind, whether, indirect or direct, have been transferred since January 1, 2007 to or from Defendants Jarrod W. McMillin (individually, and doing business as American Investors Network), Innovative Projects, Inc., Laurence G. Young (individually, and doing business as Fairweather Management and Access Funding), Anne B. Liebermann, and Jason A. Kolakowski.

**VII.**

IT IS ORDERED FURTHER that the defendants are prohibited from destroying or altering records. Pending determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits, defendants McMillin (individually, and doing business as American Investors Network), Innovative, Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and Kolakowski, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active

concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## VIII.

IT IS ORDERED FURTHER that the SEC's application for expedited discovery concerning defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and Rules 26.1.A and 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

A.   Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days notice of any such deposition. Depositions may be taken Monday through Saturday and may be taken telephonically. As to defendants McMillin (individually, and doing business as American Investors Network), Innovative, Young (individually, and doing business as Fairweather Management and Access Funding), Liebermann, and Kolakowski, and their officers, directors, subsidiaries and affiliates, agents,

servants, employees, owners, brokers, associates, trustees, and underwriters, the SEC may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such defendants, and without serving a subpoena on such witness. Depositions which have not been signed by the witness may be used for purposes of the hearing on plaintiff SEC's application for a preliminary injunction;

      B.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the defendants, and each of them, shall answer the SEC's interrogatories within three days of service of such interrogatories upon Defendants;

      C.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the defendants, and each of them, shall produce all documents requested by the SEC within three days of service of such request, with production of the documents made to Barbara T. Wells, Esq., U.S. Securities and Exchange Commission, 1801 California St., Suite 1500, Denver, CO 80202, or such other person or place as counsel for the SEC may direct in writing;

      D.      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the defendants, and each of them, shall respond to the SEC's requests for admissions within three days of such requests; and

      E.      All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the SEC at 1801 California Street, Suite 1500, Denver, Colorado 80202, to the attention of Barbara T. Wells, Esq., or such other place and person as counsel for the SEC may direct in writing.

**IX.**

IT IS ORDERED FURTHER that service of this Order, the Summons and Complaint may be made by facsimile, mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication. Discovery requests may be communicated by facsimile, mail, or delivery by commercial courier.

**X.**

IT IS ORDERED FURTHER that the Court shall hear plaintiff's motion for preliminary junction filed on December 20, 2007, on Monday, January 7, 2008, commencing at 1:30 p.m. (MST), reserving the balance of the afternoon, if necessary, for hearing.

**XI.**

IT IS ORDERED FURTHER that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED at Denver, Colorado, December 20, 2007, at 3:00 p.m. (MST).

BY THE COURT:

s/ Robert E. Blackburn
United States District Judge