UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-062636-REB-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JARROD W. MCMILLIN, individually,
    and d/b/a American Investors Network,
INNOVATIVE PROJECTS, INC. d/b/a American Investors Network,
LAURENCE YOUNG, individually,
    and d/b/a Fairweather Management and Access Funding,
ANNE B. LIEBERMANN, and
JASON A. KOLAKOWSKI,

        Defendants.

---

ORDER OF PRELIMINARY INJUNCTION AS TO ANNE B. LIEBERMANN
AND OTHER EQUITABLE RELIEF

---

On December 20, 2007, plaintiff U.S. Securities and Exchange Commission ("SEC") filed Plaintiff's Motion for Preliminary Injunction [# 6] requesting the entry of an order preliminarily enjoining all defendants from violating the antifraud and securities registration provisions of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5; preliminarily enjoining defendants Jarrod W. McMillin, ("McMillin"), Laurence G. Young ("Young"), Anne B. Liebermann ("Liebermann"), and Jason A. Kolakowski ("Kolakowski") from violating the broker-dealer registration provisions of

Section 15(a) of the Exchange Act; freezing the assets of defendants McMillin, individually, and doing business as American Investors Network; Innovative Projects, Inc. doing business as American Investors Network ("Innovative"); and Young, individually, and doing business as Fairweather Management and Access Funding; prohibiting all defendants from accepting additional investments; requiring all defendants to provide an accounting of investors' funds and other assets; prohibiting all defendants from altering or destroying documents; and ordering expedited discovery. The SEC made this motion pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act.

Defendant Liebermann has submitted to the SEC the Consent of Anne B. Liebermann to Entry of the Order of Preliminary Injunction and Other Equitable Relief in which she acknowledged waiver of service of the summons and complaint, entered a general appearance, admitted this Court's jurisdiction over her personally and over the subject matter of this action, and without admitting or denying the allegations of the Complaint (except as to jurisdiction which is admitted), consented to entry of this Order of Preliminary Injunction, waived her right to a hearing on plaintiff's motion, and waived findings of fact and conclusions of law. Based on the foregoing and the entire record in this case, the Court holds that it has jurisdiction over this defendant and the subject matter of this action and will grant the SEC's motion for a preliminary injunction as to defendant Anne B. Liebermann.

**I.**

IT IS THEREFORE ORDERED that the SEC's Motion for a Preliminary Injunction and Other Relief is granted as to defendant Anne B. Liebermann.

**II.**

IT IS FURTHER ORDERED that defendant Anne B. Liebermann and her affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails in connection with the offer or sale of any security to obtain money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; engage in transactions, practices, or courses of business which operate as a fraud or deceit upon the purchasers of securities; or employ devices, schemes, or artifices to defraud.

**III.**

IT IS FURTHER ORDERED that defendant Anne B. Liebermann and her affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from

directly or indirectly from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IV.**

IT IS FURTHER ORDERED that defendant Anne B. Liebermann and her affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e (a) and (c)] by making use of any means or instrumentality of interstate commerce, or the mails to sell a security when no registration statement is in effect.

**V.**

IT IS FURTHER ORDERED that defendant Anne B. Liebermann and her affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from

violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security.

**VI.**

IT IS FURTHER ORDERED that the defendant Anne B. Liebermann is prohibited from destroying or altering records. Defendant Liebermann and her affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

**VII.**

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in place until a trial on the merits of this case or further Order of the Court.

SO ORDERED, this 9th day of January 2008.

        s/ Robert E. Blackburn
        Robert E. Blackburn
        United States District Judge