UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-02636-REB-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JARROD W. MCMILLIN, individually,
    and d/b/a American Investors Network,
INNOVATIVE PROJECTS, INC. d/b/a American Investors Network,
LAURENCE YOUNG, individually,
    and d/b/a Fairweather Management and Access Funding,
ANNE B. LIEBERMANN, and
JASON A. KOLAKOWSKI,

        Defendants.

---

ORDER OF PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER
EQUITABLE RELIEF AS TO DEFENDANT INNOVATIVE PROJECTS, INC.

---

On December 20, 2007, plaintiff U.S. Securities and Exchange Commission ("SEC") filed Plaintiff's Motion for Preliminary Injunction [#6] requesting the entry of an order preliminarily enjoining all defendants from violating the antifraud and securities registration provisions of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5; preliminarily enjoining defendants Jarrod W. McMillin, ("McMillin"), Laurence G. Young ("Young"), Anne B. Liebermann ("Liebermann"), and Jason A. Kolakowski ("Kolakowski") from violating the broker-dealer registration provisions of

1

Section 15(a) of the Exchange Act; freezing the assets of defendants McMillin, individually, and doing business as American Investors Network; Innovative Projects, Inc. doing business as American Investors Network ("Innovative"); and Young, individually, and doing business as Fairweather Management and Access Funding; prohibiting all defendants from accepting additional investments; requiring all defendants to provide an accounting of investors' funds and other assets; prohibiting all defendants from altering or destroying documents; and ordering expedited discovery. The SEC made this motion pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act.

Defendant Innovative has submitted to the SEC its Consent to Entry of the Order of Preliminary Injunction, Asset Freeze and Other Equitable Relief in which it acknowledged waiver of service of the summons and complaint, entered a general appearance, admitted this Court's jurisdiction over it and over the subject matter of this action, and without admitting or denying the allegations of the Complaint (except as to jurisdiction which is admitted), consented to entry of this Order, waived its right to a hearing on plaintiff's motion, and waived findings of fact and conclusions of law. Based on the foregoing and the entire record in this case, the Court holds that it has jurisdiction over this defendant and the subject matter of this action and will grant the SEC's motion for a preliminary injunction, asset freeze, and other equitable relief as to defendant Innovative.

**I.**

IT IS THEREFORE ORDERED that the SEC's Motion for a Preliminary Injunction is granted as to defendant Innovative Projects, Inc.

**II.**

IT IS FURTHER ORDERED that defendant Innovative and its officers, directors, stockholders, successors, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails in connection with the offer or sale of any security to obtain money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; engage in transactions, practices, or courses of business which operate as a fraud or deceit upon the purchasers of securities; or employ devices, schemes, or artifices to defraud.

**III.**

IT IS FURTHER ORDERED that defendant Innovative and its officers, directors, stockholders, successors, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from directly or indirectly violating Section 10(b) of the Exchange Act [15

U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IV.**

IT IS FURTHER ORDERED that defendant Innovative and its officers, directors, stockholders, successors, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e (a) and (c)] by making use of any means or instrumentality of interstate commerce, or the mails to sell a security when no registration statement is in effect.

**V.**

IT IS FURTHER ORDERED that:

A. Defendant Innovative Projects, Inc. and its officers, directors, stockholders, successors, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise and each of them, are ordered to hold and

4

retain within their control and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of the assets in whatever form such assets may presently exist and wherever located. Such assets include, but are not limited to, 2007 Dodge Quad Cab, 2007 Hyundai Santa Fe, and 2005 Honda VTX (total approximate value of $75,000) identified in Section B of the Sworn Accounting of Defendant Jarrod W. McMillin to be filed with the Court.

  B. Any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States' courts holding any funds or other assets in the name of, for the benefit of, or under the control of American Investors Network or defendant Innovative Projects, Inc., or in an account which has its signatory an individual who is acting in the capacity of officer, director, successor in interest, stockholder, affiliate, agent, employee, or attorney-in-fact of American Investors Network or defendant Innovative Projects, Inc., shall each hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

  C. Defendant Innovative Projects, Inc., and its officers, directors, stockholders, successors, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution funds from actual or potential

investors in American Investors Network, Fairweather Management, Access Funding, or Innovative Projects, Inc.

**VI.**

IT IS FURTHER ORDERED that defendant Innovative is prohibited from destroying or altering records. Defendant Innovative and its officers, directors, stockholders, successors, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

**VII.**

IT IS FURTHER ORDERED that this Order of Preliminary Injunction, Asset Freeze, and Other Equitable Relief as to defendant Innovative Projects, Inc. shall remain

in place until a final judgment in this case or further Order of the Court.

SO ORDERED, this 9th day of January 2008.

                                                  s/ Robert E. Blackburn
                                                 Robert E. Blackburn
                                                 United States District Judge