UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-02636-REB-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JARROD W. MCMILLIN, individually,
      and d/b/a American Investors Network,
INNOVATIVE PROJECTS, INC. d/b/a American Investors Network,
LAURENCE YOUNG, individually,
      and d/b/a Fairweather Management and Access Funding,
ANNE B. LIEBERMANN, and
JASON A. KOLAKOWSKI,

        Defendants.

---

ORDER OF PRELIMINARY INJUNCTION, ASSET FREEZE,
AND OTHER EQUITABLE RELIEF AS TO LAURENCE YOUNG

---

**Blackburn, J.**

On January 7, 2008, this Court held a hearing on Plaintiff U.S. Securities and Exchange Commission's ("SEC" or "Commission") Motion for Preliminary Injunction [Docket # 6], which was filed on December 20, 2007. Plaintiff was represented at the hearing by counsel. Defendant Laurence Young ("Young") did not appear, although he was served with the Temporary Restraining Order on December 27, 2007, which contained notice of the date and time of the preliminary injunction hearing [Docket # 22].

1

The Court has reviewed all the adjudicative facts and considered the evidence presented in all forms adduced in the hearing on the temporary restraining order and in the hearing on the preliminary injunction including all declarations, affidavits and exhibits submitted with the SEC's *ex parte* motion for a temporary restraining order and the accompanying memorandum of law, the testimony of the witnesses and exhibits presented at the preliminary injunction hearing, and the reasons and arguments presented by counsel for the SEC. The Court enters the following findings of fact and conclusions of law:

1. The Court finds that it has jurisdiction over the subject matter of this action and the person of defendant Laurence Young. The Court finds that defendant Young was served with the Summons and Complaint in this matter, and the Temporary Restraining Order, Asset Freeze and Other Equitable Relief, and Order Setting Preliminary Injunction Hearing ("the Order"). [Docket # 22]

2. The Court finds that entry of a preliminary injunction and continuation of the asset freeze against defendant Young is appropriate.

3. The Court finds that there is a substantial likelihood that the plaintiff SEC will prevail on the merits in this case against defendant Young. The evidence before the Court shows that Young, directly or indirectly, has engaged in, and unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and 77q], and Sections 10(b) and 15(a) of

the Exchange Act [15 U.S.C. §§ 78j(b) and 78o(a) ] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

4. The Court finds that defendant Young offered and sold securities in the form of investment contracts, which were interests in advertising programs offered through the Internet in the names of American Investors Network ("AIN") and Fairweather Management, that he used the mails or the means or instruments of transportation or communication in interstate commerce to sell or to offer to sell such securities when no registration statement was in effect or on file with the SEC, and no exemption from registration applied.

5. The Court finds that defendant Young employed devices, schemes or artifice to defraud in connection with his offer and sale of investment contracts for AIN and Fairweather Management, that he used the means or instruments of transportation or communication in interstate commerce, and that he acted with scienter. Young represented to investors that he was a business partner of defendant Jarrod W. McMillin in AIN.

6. The Court finds that defendant Young obtained money or property by means of untrue statements of material fact or omissions of material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

7. The Court finds that defendant Young misrepresented on the website of American Investors Network at www.aindenver.com and in conversations with investors that American Investors Network had been in existence since 2001. In fact, Young

knew, or was reckless in not knowing, that he and McMillin had only begun doing business as AIN during 2007 and that McMillin had registered use of the trade name in February 2007. Young misrepresented that AIN used investors' funds to purchase advertisements and investors received 50% of the profits earned from the advertisements. Young knew from his operation of the business that AIN did not use investors' funds to purchase advertisements, did not employ a call center to process product sales, did not sell any products, and that AIN had not received any profits from advertisements or the sale of products. He knew that the sole source of funds repaid to investors as purported profit distributions was in fact funds received from other investors rather than profits from business operations. Young omitted to disclose to investors that he received a commission for selling the securities of AIN.

8. The Court finds defendant Young also misrepresented on the Fairweather Management website at www.fairweathermgmt.com and in conversations with investors that Fairweather Management had been in existence since 2001. In fact, Young knew that he began doing business as Fairweather Management and registered its trade name in September 2007. Young misrepresented that Fairweather Management used investors' funds to purchase advertisements and investors received 50% of the profits earned from the advertisements. Young knew from his operation of the business and control of the bank accounts, that Fairweather did not use investors' funds to purchase advertisements, that Fairweather did not employ a call center, did not sell any products, and that Fairweather had not received any profits from advertisements or the sale of products. He knew that the sole source of funds repaid to investors as purported profit

4

distributions was in fact funds received from other investors rather than from profits from business operations.

9. The Court finds that defendant Young engaged in acts, transactions, practices and courses of business that operated as a fraud and deceit on purchasers of the securities of AIN and Fairweather Management.

10. The Court finds that AIN and Fairweather raised at least $2.8 million from over 280 investors across the country. The $2.8 million includes at least $590,815 deposited by investors into Access Funding's bank account xxx-xxx4359 at Wells Fargo upon which account defendant Young was the sole signatory and $532,580 deposited by investors into Young's bank account xxxx8072 at U.S. Bank upon which he was the sole signatory.

11. The Court finds that in September, 2007, defendant Young registered Fairweather Management and Access Funding as fictitious trade names. Young and others offered to transfer AIN investors' interests to the new entities and also solicited new investments in an advertising program that was the same as AIN in every way except its name. For example, investor Umesh Biradar, who had invested in AIN in July 2007 was offered the opportunity and did invest an additional $50,000 in the new entity, Fairweather Management, on September 24, 2007. Investor Michael Marvaldi, who invested $2,000 in AIN in June 2007, was offered the opportunity and did invest $20,000 in additional funds of his limited liability company, Danmar Enterprises LLC, which were wired to the Access Funding bank account xxx-xxx4359 at Wells Fargo for investment with Fairweather on October 4, 2007.

12. The Court finds that on November 28, 2007, the Fairweather Management website posted an "update" informing investors that profit checks would be forthcoming. Investors testified that they are still waiting for those checks.

13. The Court finds that defendant Young solicited investors in the advertising programs and collected a 10% "commission" for every investor dollar that he brought to the scheme. From February 13, 2007, through October 31, 2007, Young received "commissions" at least $32,415 from AIN investors' funds. Young used the mails or means or instrumentalities of interstate commerce to effect transactions in or to induce or attempt to induce the purchase or sale of securities when he was not registered with the SEC as a broker or dealer.

14. The Court finds that defendant Young transferred $325,000 in investors' funds from the Access Funding bank account at Wells Fargo to McMillin in October, 2007, and made cash withdrawals of $190,000 from the same account for himself during over a four-week period.

15. The Court finds that defendant Young engaged in the alleged illegal conduct even after the SEC began its investigation. Young's establishment of Fairweather Management in order to continue the fraudulent scheme demonstrates that he was not deterred by the prospect of legal sanctions and, therefore, it is likely that he will continue to violate the federal securities laws unless enjoined.

16. There is good cause to believe that, unless restrained and enjoined by order of this Court, defendant Young will dissipate, conceal, or transfer assets from the

jurisdiction of this Court, which assets could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

17. There is good cause to believe that defendant Young will dispose of, dissipate, conceal, or remove investor funds and assets from the jurisdiction of the Court. Such expenditure and dissipation of investor funds and assets would constitute irreparable harm to investors. To eschew and ameliorate this irreparable harm, it is appropriate for the Court to continue the asset freeze entered initially in the Court's Temporary Restraining Order, Asset Freeze and Other Equitable Relief and Order Setting Preliminary Injunction Hearing on December 20, 2007, thereby preventing the illegal expenditure and dissipation of investor funds.

**I.**

IT IS THEREFORE ORDERED that the SEC's Motion for a Preliminary Injunction [Docket #6] filed December 20, 2007, is granted as to defendant Laurence G. Young.

**II.**

IT IS FURTHER ORDERED that defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, and his officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud:

(b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED that defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, and his officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from directly or indirectly from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS FURTHER ORDERED that defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, and his officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are preliminary enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e (a) and (c)] by, directly or indirectly, in the absence of any applicable exemption: (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of a prospectus or otherwise;  (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (c) making use of any means or instruments of transportation or communication interstate commerce or the mails to offer to sell or offer to buy through the use or medium of any prospectus or other wise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**V.**

IT IS FURTHER ORDERED that defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, and his officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, are preliminary enjoined and restrained from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security unless such broker or dealer is registered with the Commission.

**VI.**

IT IS FURTHER ORDERED that

A. Defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise and each of them, are ordered to hold and retain within their control and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal

whatsoever of any of the assets in whatever form such assets may presently exist and wherever located; and

B. Any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name of, for the benefit of, or under the control of defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, or in an account upon which he or his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him is a signatory, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

**VII.**

IT IS FURTHER ORDERED that defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, shall prepare, and file with this court and serve upon the attorneys for the SEC within ten business days of the service of this Order, a sworn accounting which contains the following information:

A. The name of the person or company, the date, and the amount of all funds received by defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, from January 1, 2007 through January 7, 2008.

B. The name of the person or company, the date and amount of all funds or other assets in the amount of $500 or more which have been transferred from

defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, to any person or entity from January 1, 2007 through January 7, 2008.

C. A list of all securities, funds, real estate, interests in businesses, vehicles, boats, or other personal property which defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding has owned or had a direct or indirect beneficial interest in since January 1, 2007. The list shall include a description and the current location of the assets.

D. A list of each account, including safe deposit boxes, with any financial institution or brokerage firm, in which Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, has had direct or indirect control or beneficial interest since January 1, 2007.

**VIII.**

IT IS FURTHER ORDERED that the defendant Laurence G. Young is prohibited from destroying or altering records. Defendant Laurence G. Young, individually, and doing business as Fairweather Management and Access Funding, and his officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or

among any of the defendants.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

**IX.**

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in place until trial on the merits of this case or entry of a further order of this Court.

SO ORDERED, this 9th day of January 2008.

BY THE COURT:
s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge