UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action. No. 07–cv–02636

REB—MEH

UNITED STATE SECURITIES AND

EXCHANGE COMMISSION,

        Plaintiff,

v.

    JARROD W. MCMILLIN (individually,

and doing business as American Investors

Network),

    INNOVATIVE PROJECTS, INC. (doing

business as American Investors Network),

    LAURENCE G. YOUNG (individually,

and doing business as Fairweather

Management and/or Access Funding),

    ANNE B. LIEBERMANN, and

    JASON A. KOLAKOWSKI,

        Defendants.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

The matter before the Court is "Plaintiff's Motion for Entry of a Default Judgment Against Defendant Laurence G. Young" [#112] filed October 21, 2008. The Securities and Exchange Commission has moved the Court for entry of judgment by default against Defendant Laurence G. Young, finding that he has violated the securities registration, anti-fraud, and broker-dealer registration provisions of the federal securities laws, enjoining him from future violations of these provisions, ordering him to disgorge ill-gotten gains received as a result of the conduct alleged in the complaint along with prejudgment interest, and ordering him to pay a third tier civil penalty and post judgment interest. In support of its motion, the SEC has submitted an affidavit calculating the amount of disgorgement and prejudgment interest due. Defendant Young has not responded to the SEC's motion for entry of default judgment. The Court has determined that a hearing on this matter is not necessary.

The Court has reviewed all the adjudicative facts and considered the evidence presented in all forms in the SEC's motion for a default judgment against Laurence G. Young, including all declarations, affidavits and exhibits submitted with the SEC's *ex parte* motion for a temporary restraining order, the accompanying memorandum of law,

the testimony of the witnesses and exhibits presented at the preliminary injunction hearing, and the reasons and arguments presented by counsel for the SEC.

Having considered the record as a whole, the Court enters the following findings of fact and conclusions of law:

1. The SEC commenced this action on December 19, 2007, by filing its complaint.

2. Defendant Young was personally served with the summons and complaint on December 27, 2007. Young's answer or other responsive pleading was due on or before January 16, 2008. Young has not filed an answer or other pleading in this case.

3. The Clerk of the Court entered default against Young on February 6, 2008.

4. Defendant Young appeared at a scheduling conference before Magistrate Hegarty on March 25, 2008. However, Young has not filed an answer or otherwise defended the case.

5. Defendant Young is currently in default. Fed. R. Civ. P. 12(a)(1)(A). n entry of default, the well-pleaded allegations of the complaint related to liability are taken as true. *Beck v. Atlantic Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994), citing 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2688, at 444 (2d ed. 1983); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

6. Defendant Young offered and sold securities in the form of investment contracts, which were interests in advertising programs offered through the Internet in the names of American Investors Network ("AIN") and Fairweather Management. He used the mails or the means or instruments of transportation or communication in interstate commerce to sell or to offer to sell such securities when no registration statement was in effect or on file with the SEC, and no exemption from registration applied.

7. Defendant Young engaged in acts, transactions, practices and courses of business that operated as a fraud and deceit on purchasers of the securities of AIN and Fairweather Management. Young misrepresented that AIN used investors' funds to purchase advertisements and investors received 50% of the profits earned from the advertisements. Young knew from his operation of the business that AIN did not use investors' funds to purchase advertisements, did not employ a call center to process product sales, did not sell any products, and that AIN had not received any profits from advertisements or the sale of products. He knew that the sole source of funds repaid to investors as purported profit distributions was in fact funds received from other investors rather than profits from business operations.

8. Defendant Young also used the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the

purchase or sale of, securities when he was not registered with the SEC as a broker or dealer.

9. Furthermore, from February 13, through October 31, 2007, Young received "commissions" of at least $32,414.91 from AIN investors' funds and $2,000 from McMillin's personal checking account. Young also received $14,887.75 from the US Bank Access Fund account into which investors' funds were deposited. Young also withdrew $232,800 from the Wells Fargo Bank Access Funding account into which investors' funds were deposited. In total, Young received $282,102.66 in ill-gotten gains from his fraudulent and unregistered sales of investment contracts in AIN or Fairweather Management.

10. The Court concludes that Young violated the securities registration, anti-fraud, and broker-dealer registration provisions of 15 U.S.C. §§ 77e(a) and (c), 77q(a), 78j(b) and 78o(a)(1), and 17 C.F.R. § 240.10b-5.

11. The Court concludes based on Young's conduct as alleged in the complaint and evidence presented that there is a likelihood of future violations unless a permanent injunction is entered prohibiting Young from future violations of 15 U.S.C. §§ 77e(a) and (c), 77q(a), 78j(b) and 78o(a)(1), and 17 C.F.R. § 240.10b-5.

12. The Court concludes that it is appropriate to require Young to disgorge the $282,102.66 that he received as a result of the conduct alleged in the complaint plus

$16,698.13 of prejudgment interest on that amount calculated using the Internal Revenue Service's rate for underpayment of taxes.

13. The Court finds that Young engaged in fraudulent conduct in the offer and sale of investment contracts which resulted in substantial losses to investors of at least $1.1 million.

14. The Court finds that it is appropriate to order Young to pay a civil penalty in the amount of his gross pecuniary gain.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Laurence G. Young and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction Entered Against Laurence G. Young by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Laurence G. Young and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction Entered Against Laurence G. Young by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Laurence G. Young and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction Entered Against Laurence G. Young by personal service or otherwise are permanently restrained and enjoined from violating Section 5 (a) and (c) of the Securities Act [15 U.S.C. § 77e(a) & (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or

offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Laurence G. Young and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction Entered Against Laurence G. Young by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Laurence G. Young is liable for disgorgement of $282,102.61, representing ill-gotten gains received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,698.13, and a civil penalty in the amount of $282,102 pursuant to Section 20(d) (2) (c) of the Securities Act and Section 21(d) (3) (B) (iii) of the Exchange Act.  Defendant shall satisfy this obligation by paying $580,902.74 to the Clerk of this Court within ten business days after entry of this Order, together with a cover letter identifying Laurence G. Young as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order of Permanent Injunction Entered Against Laurence G. Young.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without

further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private

damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Permanent Injunction Entered Against Laurence G. Young and the Court's Order of March 25, 2008 [Docket #79] to provide a sworn accounting.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that "Plaintiff's Motion for Entry of a Default Judgment Against Defendant Laurence G. Young" [#112] filed October 21, 2008, is granted, and the clerk shall enter default judgment accordingly.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated December 10, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**