**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02636-REB-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiffs,

v.

JARROD W. MCMILLIN (individually, and doing business as American Investors Network),
INNOVATIVE PROJECTS, INC. (doing business as American Investors Network),
LAURENCE G. YOUNG (individually, and doing business as Fairweather Management and/or Access Funding), and
JASON A. KOLAKOWSKI,

    Defendants.

**Order For Final Judgments
Against Defendants McMillin And Innovative Projects**

**Blackburn, J.**

    The matter before the Court is "Plaintiff's Motion for Final Judgment Setting Amount of Disgorgement, Interest, and Civil Penalty Against Defendants Jarrod W. McMillin and Innovative Projects, Inc." [#116] filed on December 15, 2008. The motion is granted.

    On March 4, 2008, the Court entered orders of permanent injunction against defendants Jarrod W. McMillin ("McMillin") [docket # 67] and his corporation Innovative Projects, Inc. ("Innovative") [docket #66]. The Securities and Exchange Commission has moved the Court for entry of judgments against McMillin and Innovative finding them jointly and severally liable for disgorgement of $673,983 and prejudgment interest of $19,349, and finding defendant McMillin liable for a civil penalty of $130,000 under

Section 20(d)(2)(c) of the Securities Act and Section 21(d)(3)(B)(iii) of the Exchange Act. In support of its motion, the SEC has submitted an affidavit calculating the amount of disgorgement and prejudgment interest due. The Court has determined that a hearing on this matter is not necessary.

Defendants and McMillin have filed a response to the SEC's Motion for a Final Judgment Setting Amount of Disgorgement, Interest and Civil Penalty, as well as a Declaration of Consent whereby they have entered a general appearance, consented to the Court's jurisdiction over them and the subject matter of this action, waived entry of findings of fact and conclusions of law as to the entry of the SEC's Motion for Final Judgments, waived any right to appeal from the Final Judgments, and have stated that they do not oppose the monetary relief to be imposed against them under the Final Judgment, with neither admitting nor denying the SEC's Complaint's allegations (except as to jurisdiction).

Having considered the record as a whole, the Court grants the SEC's motion.

I.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiff's motion [#116] is granted, and defendants Jarrod W. McMillin and Innovative Projects, Inc., are jointly and severally liable for disgorgement of $673,983, representing ill-gotten gains received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $19,349.

II.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Jarrod W. McMillin is liable for a civil penalty in the amount of $130,000 pursuant to Section 20(d)(2)(C) of the Securities Act and Section 21(d)(3)(B)(iii) of the Exchange Act.

III.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants Jarrod W. McMillin and Innovative Projects, Inc., their successors in interest, agents, and assigns, shall relinquish all legal and equitable right, title, and interest in $139,264.60, deposited to the registry of the Court [Docket #'s 35, 64, 98], and that no such funds and no part of such funds shall be returned to the defendants.

IV.

Defendant McMillin shall satisfy this obligation by paying the sum of $684,067.77 to the Clerk of this Court within ten business days after entry of this Order, together with a cover letter identifying Jarrod W. McMillin and Innovative Projects, Inc. as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order of Judgment Entered Against Jarrod W. McMillin and Innovative Projects.  Defendant McMillin shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants.

V.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

VI.

Regardless of whether any Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, defendants McMillin and Innovative shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the

4

defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. The defendants shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a final judgment forthwith and without further notice.

Dated January 6, 2009, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**